**FILED**

**DEC 3 0 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kareemah Bell-Boston, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08 2240 |
| ) | |
| Superior Court of the District of Columbia, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application, and dismiss the complaint.

The complaint alleges that the plaintiff suffered two assaults, one inside the building housing the Superior Court of the District of Columbia, and the other in an unspecified location.

Federal district courts have jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. Here, however, the complaint does not explicitly identify a basis for this Court's jurisdiction, identify a claim arising under the laws of the United States, or otherwise provide sufficient information for the Court to discern a basis for its jurisdiction. Federal district courts also have jurisdiction over civil actions in matters where the controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. §1332(a). But here, the parties appear to reside or conduct business in the same district, and plaintiff does not establish claim that the matter in controversy exceeds $75,000. Accordingly,



3

the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. An appropriate order accompanies this memorandum opinion.

Date: 12/9/08

United States District Judge